IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40597
Conference Calendar
_____


MICHAEL ARTHUR MAGOON,

                                        Petitioner-Appellant,

versus

UNIDENTIFIED FIGUEROA, Warden;
UNIDENTIFIED BRANCH, Dr, Beto II
Unit Physician; UNIDENTIFIED HUGHES, Nurse,
Beto II Unit Nurse; UNIDENTIFIED NICHOLS,
Nurse, Beto II Unit Nurse; MEDICAL DEPT.,
Beto II Medical Dept,

                                        Respondents-Appellees.


- - - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:95-CV-220
- - - - - - - - - - -
(October 18, 1995)
Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

    Magoon argues that he was refused medical attention, that
the punishment imposed at his disciplinary hearing was too
severe, and that he was required to perform work beyond his
physical capacity.  The writ of habeas corpus is the appropriate
federal remedy for a state prisoner challenging the fact or

---

[*]    Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

duration of his confinement.  Preiser v. Rodriquez, 411 U.S. 475, 500 (1973).  Section 1983 is the appropriate remedy for a prisoner to attack illegal administrative procedures or conditions of confinement.  Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't, 37 F.3d 166, 168 (5th Cir. 1994).  Magoon's challenge to his prison disciplinary proceedings and the resultant loss of his good-time credits was properly asserted in a habeas petition because the loss of good-time credits implicates the duration of Magoon's confinement and resulted from a single allegedly defective hearing.  See Preiser, 411 U.S. at 494, 500.

Magoon merely contends that the punishment imposed at his prison disciplinary hearing was too severe.  The requirements of due process are satisfied, however, if "some evidence" supports the decision by the prison disciplinary board to revoke good-time credits.  Superintendent, Massachusetts Correctional Inst. v. Hill, 472 U.S. 445, 455 (1985).

The several charging officers' reports reflect that on four separate occasions, Magoon refused to turn out for his work assignment without a legitimate reason.  Magoon stated that he was too "sick" to work on each occasion.  The disciplinary hearing officer stated that he had relied upon the charging officers' reports and Magoon's statements in determining that Magoon was guilty.  Another charging officer's report stated that Magoon had threatened to inflict harm on prison employees and had used vulgar language in reference to prison employees.  The disciplinary hearing officer relied upon the charging officer's

report and the testimony presented at the disciplinary hearing in reaching a determination of Magoon's guilt.  In each disciplinary case, the hearing officer stated that the reason for the particular punishment imposed was the nature of the particular offense and Magoon's prior disciplinary history.

The decision of the disciplinary hearing officer was therefore supported by "some evidence" in the record, namely the charging officers' reports and the testimony presented at the disciplinary hearings.  See Hill, 472 U.S. at 455.  The district court thus did not err by denying Magoon's habeas petition.

The remainder of the issues Magoon raises on appeal, that he was refused medical attention and was required to perform work beyond his physical capacity, challenge the conditions of his confinement and would be more properly asserted in a civil rights action pursuant to § 1983 than in a habeas petition.  See Cook, 37 F.3d at 168.  We express no view as to whether there is any merit to these claims.  The judgment of the district court denying Magoon's habeas petition and declining to consider his § 1983 claims is affirmed.

AFFIRMED.